VICENTE ORTIZ LÓPEZ, Appellant, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 12.   Argued June 7, 1937.—Decided June 24, 1937.

*Vicente Ortiz López, in pro. per.,* for appellant.   *B. Fernández García, Hon. Attorney General, Emilio de Aldrey, Assistant Attorney General,* and *Luis Negrón Fernández* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On May 19 last Vicente Ortiz López applied to this court, under Act No. 45 of 1935 (Session Laws, p. 250), for a review of a certain decision of the Industrial Commission of Puerto Rico, and on the 21st day of the same month, the hearing on the application was set for June 7.

The parties did not appear at the hearing but they filed briefs in support of their respective contentions, and the Commission also sent up the record of the case of the petitioner.

We have examined all the documents and, although we agree with the petitioner that his motion for reconsideration was filed within the time provided by law, we do not think that the commission committed the other errors assigned.

▆▆▆▆ Appellant maintains in the first place that the commission erred in refusing to admit a certain document and in not permitting that the same remain in the record for the purpose of supporting the exception taken. It happened that at the hearing before the commission the petitioner through his attorney offered in evidence a record of discharge (*hoja de alta*) of the Díaz García Clinic. Objection was made to its admission and the commissioner stated to the attorney for the petitioner: "This document which you offer . . . . is not signed and no matter how liberal the commission may be, we can not admit a document which is not signed." Subsequently, the commissioner called the attention of the attorney for the petitioner to the fact that what was sought to be proved by the document was already a part of the record.

The incident recurred, in part, in the following manner:

"Attorney Olmedo: As attorney we present to the court this document which has not been admitted and we request that it be noted that the same has not been admitted as evidence, in order that it be included in the record, in order that it may so appear.

"Mr. Paz Granela: This is not admitted in evidence because it is not signed nor even authenticated by any signature."

Apart from the fact that we are not convinced that if the error was committed the same would be a sufficient ground for the appeal taken, which is that authorized by Act No. 45 of 1935, section 11, (Session Laws, p. 250), we think that the unsigned document offered was clearly inadmissible, and that, although it should have been permitted to remain in the record for the purposes mentioned by appellant, the error, if any, was not prejudicial. Besides, the appellant did not take an exception.

■ The other assignment on which the appeal is based is that the workman was denied an opportunity to rebut the evidence offered by the State Fund.

The record shows that appellant's case was called for a public hearing before the commission, represented by Commissioner Paz Granela, on February 26, 1937. The State Fund appeared represented by Mr. Alfredo Vargas, accompanied by Dr. Díaz García, and the workman appeared personally and through his attorney, Mr. Olmedo, accompanied by his witnesses Juan Hernández, Jesús Andréu, Félix Rivera, Francisco del Valle, and Dr. Narciso Moreno.

The hearing was a full one. The laborer offered his evidence and cross-examined the expert of the State Fund, and at the close of the hearing the record shows that the following incident occurred:

"Mr. Vargas: We offer to present to the commission as evidence the complete record of the Municipal Hospital, in order that the Commission may have before it the character of the operation performed, the complete operation performed.

"Attorney Olmedo: Of course, giving an opportunity to the opposite party to contradict said evidence and to examine the witnesses who signed said documents.

"Mr. Vargas: We wish to state that in accordance with our law which governs this matter, all the hospital records and medical reports are admissible in evidence, so that we do not have to bring the

witnesses here to identify the same, but that it is sufficient to bring certificates of competent officers and they are admissible.

" *     *     *     *     *     *     *

"Attorney Olmedo: The Law of Evidence does not say so; the Law of Evidence is above the Workmen's Compensation Act. I object to their admission in evidence by the commission without an examination of the witnesses signing the same; the experts who sign them must come here and give me an opportunity, as Dr. Díaz García has done, and they must identify the documents, and subject themselves to cross-examination.

"Mr. Paz Granela: The attorney is correct on this point. The official documents obtained at the Municipal Hospital or from any other physician, may be admitted in evidence, but the right which the party has to examine the same and cross-examine the persons who have signed those documents, is a right which they have, without doubt. No matter what the testimony of the persons who appear here to identify said medical evidence may be, irrespective of their testimony what the law says is that said documents may be admitted in evidence, without doubt and such evidence has been admitted.

"Attorney Olmedo: Admirably decided.

" *     *     *     *     *     *     *

"Mr. Vargas: I will then amend the request of the State Fund, that we be given a period of 3 or 5 days in order that the State Fund may obtain . . . . we request the continuance of this hearing so that said evidence may be offered, that the case remain open for 3 or 5 days and in that case . . . .

"Attorney Olmedo: The evidence is shown to us and a hearing is set to discuss these documents as it has been done with the others.

"Mr. Paz Granela: Very well. Then the representative of the State Fund has 5 days within which to inform us whether it is necessary and unavoidable to present documentary evidence, and that in case he so decides and presents it, the attorney for the workman will be summoned for him to examine it before the Commission and to cross-examine the person producing said evidence."

Nothing further occurred. On March 5 the State Fund filed a motion in the commission, stating that it deemed unnecessary to present the evidence it had intended to offer as the same would be cumulative, and requested that the case

be considered as submitted for final decision. The workman objected. From his writing in opposition we copy the following:

"3. That to consider the case as closed and submitted, without enabling the injured workman to testify in rebuttal, because the representative of the Manager of the State Fund deems unnecessary the introduction of additional evidence, in order that, the record of discharge issued by the clinic of Dr. Díaz García himself having been refused admission, his testimony should stand uncontroverted, would be unjust and unfair to the injured workman, and contrary to good practice.

"Wherefore, the injured workman prays the Hon. Commission to permit him to testify again in order to refute the testimony of the expert witness Díaz García, before the above-entitled case is considered as closed."

The commission overruled the objection and, in a reasoned decision in which all the evidence offered was stated and analyzed, it decided the case against the laborer. The dispositive part of said decision is as follows:

"For the reasons stated, in the light of the testimony of experts and other witnesses introduced at the public hearing, the Industrial Commission HOLDS that the workman has failed to prove that the carcinoma of the penis for which he was operated on was caused by an accident, or that this sickness had any casual connection with the alleged accident, or that he suffered any injury in his genital organs which aggravated the carcinoma, and that, therefore, the alleged accident is not covered by Act No. 45 of April 18, 1935."

Perhaps the commission should have granted the final request of the workman; but, in view of the attendant circumstances, we do not think that the action taken should be sufficient ground for reviewing and annuling its decision. We have carefully read the entire record, and the conclusion reached by the commission seems to us to be unavoidable. What occurred is so clear that to reopen the case would only mean a waste of time and effort for all concerned, including the attorney for the workman as in the end the same result would have to be reached.

The case of the workman is doubtless an unfortunte one. For one reason or another he has not obtained the social protection which undoubtedly would have mitigated the intense suffering caused to him by his ailment. He knocked at the doors of the commission which were closed for him after an investigation wherein it was held that his case was not one which the commission could and should protect. As the commission must act under the law within a limited sphere of action and without power to extend the same, and as it has not been shown that any error of law was committed which would justify the review sought, the appeal must be dismissed and the record sent up to us returned to the commission.

Mr. Justice Córdova Dávila took no part in the decision of this case.